21 P.3d 880

STATE of Hawai'i, Plaintiff–Appellee,

v.

Vai Hapouli LEI, Defendant–Appellant.

No. 22548.

Supreme Court of Hawai'i.

April 16, 2001.

Rose Anne Fletcher, Deputy Public Defender, on the briefs, for defendant-appellant.

Mangmang Qiu Brown, Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by NAKAYAMA, J.

Defendant-appellant Vai Hapouli Lei appeals his conviction of two counts of driving without a license, in violation of Hawai'i Revised Statutes (HRS) § 286–102 (1993), driving under the influence of intoxicating liquor (DUI), in violation of HRS § 291-4 (Supp. 1996), and failure to provide proof of no-fault insurance, in violation of HRS § 431:10C–104 (1993 & Supp.1996). On appeal, Lei argues that the district court: 1) abused its discretion in failing to dismiss the charges for want of prosecution; and 2) erred in denying his motion to dismiss the DUI charge based on the prosecution's violation of Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP). The prosecution counterargues that Lei's points of error were not properly preserved for appeal because: 1) Lei did not file his reservations to his conditional plea in writing as required by HRPP Rule 11(a)(2); and 2) the pretrial motion on which the conditional plea was based dealt with only a violation of HRPP Rule 48 and did not address a violation of HRPP Rule 9. We hold that, although the conditional plea agreement was not reduced to writing, the plea was nevertheless conditional, and matters based on violations of Rules 9 and 48 were preserved for purposes of appeal. We further hold that the district court abused its discretion in failing to dismiss the charges because the bench warrants issued for Lei's arrest were not executed "without unreasonable delay," as required by HRPP Rule 9(c)(3)(i). Therefore, we reverse the district court's judgments.

## I. BACKGROUND

On April 11, 1996, Lei was cited for driving without a license. He was scheduled to appear for arraignment and plea on May 9, 1996. Because Lei failed to appear, the district court charged him with contempt and issued a bench warrant.

On May 18, 1996, Lei was cited for DUI, driving without a license, driving without no-fault insurance, and a safety check violation. Lei appeared in court on May 20, 1996 and pled not guilty. The district court scheduled a July 22, 1996 trial date. When the parties appeared for trial on July 22, the prosecution moved for a continuance. The court granted the motion and reset the trial for September 16, 1996. However, on September 16, Lei failed to appear. The district court charged Lei with contempt and issued a second bench warrant.

Both bench warrants were served on December 1, 1998, over two years after their

issuance. The district court referred Lei to the public defender's office and continued the case to January 14, 1999 for arraignment and plea. On January 14, the prosecution requested a continuance because some of the witnesses who had been subpoenaed had not appeared and the prosecution could not proceed without them. The court granted the motion over Lei's objection.

On the February 16, 1999 trial date, the prosecution again requested a continuance because several of the police officers who were scheduled to testify were not available. Defense counsel objected and moved to dismiss. The district court granted the continuance and denied the defense's request to designate it as the final continuance.

The case was continued to March 15, 1999. On that day, the prosecution requested another continuance for the May 18, 1996 charges because the police officer who issued the citations had called in sick and could not testify. The prosecution indicated that it was ready to proceed on the April 11, 1996 driving without a license charge. However, defense counsel stated that, if the court were to grant the continuance of the May 18, 1996 charges, the defense preferred to "keep the cases together." The court granted the continuance as to all charges and denied the defense's request to designate it as the final continuance.

The next scheduled trial date was April 15, 1999, and the prosecution indicated that it was ready to proceed. Defense counsel made an oral motion to dismiss the case pursuant to HRPP Rule 48. According to the defense's calculations, approximately four months accrued that were attributable to the prosecution pursuant to Rule 48 prior to the issuance of the bench warrant. Initially, defense counsel argued that the period between the issuance and the execution of the bench warrant should be attributed to the prosecution because it had not exercised due diligence in serving the bench warrants; counsel noted that Lei had lived at the same address in Hawai'i during the entire time that the bench warrants were outstanding and could have easily been found. However, defense counsel later conceded that the period from September 16, 1996, when Lei failed to appear, to January 14, 1999, the initial trial date after the return of the bench warrants, was excludable as a delay attributable to the defendant's unavailability. However, he argued that more than two months had accrued that were attributable to the prosecution pursuant to Rule 48 since the January 14, 1999 trial date.

The district court concluded that, based on a "liberal interpretation" of Rule 48, the six-month period began anew on December 1, 1998, when Lei was rearrested in connection with the bench warrants. The court reasoned that Lei should not have the benefit of the four months he "had in the bank" prior to the issuance of the bench warrants because such a rule would encourage defendants to miss their court appearances.

After the district court ruled on Lei's motion to dismiss pursuant to Rule 48, defense counsel attempted to make an argument concerning the delay in executing the bench warrants. The court noted that this was a different argument than the Rule 48 issue. However, before the court addressed it, the court suggested that the parties try to reach a conditional plea agreement.

After a recess, defense counsel indicated that the parties had agreed to a conditional plea. For purposes of the appeal, the court calendar was stipulated into evidence. The following exchange then took place:

DEFENSE: And then finally, Mr. Lei would ask to be able to, as far as the motion is concerned, testify as to his whereabouts during that time period from September 16th to the date he was arrested in 1998. And we'd stipulate to it, if you would want. And the offer of proof would be that he's lived in the [sic] Hawaii the whole time, he's lived in Kalihi Valley the whole time, that he has a green card, that he's a legitimate resident of Hawaii and United States and that the immigration [sic] knows of his whereabouts. He is registered with them. And—

COURT: Okay. Does the State have any reason to believe that isn't true at the moment?

PROSECUTOR: No reason to believe that's not true, Your Honor, based on counsel's representations.

COURT: All right. I'll *note the offer of proof.* Anything else I need to know about?

DEFENSE: That's it, then.

COURT: All right. I'll *note the offer of proof.* I'll indicate that, given the impracticality of serving petty misdemeanor bench warrants, I'll, I'll maintain my decision and we'll let the, if necessary, we'll let the appellate courts rule on the, on that. I, I don't think the State was unreasonable in not serving the warrant within the two-year period, given the thousands that I'll take judicial notice of, that are out there. So, all right.

(Emphases added.)[1] Defense counsel objected to the court's judicial notice of the number of outstanding petty misdemeanor bench warrants, but the court maintained its ruling. The court then noted that the plea was conditional and stated that any sentence would be stayed pending the perfection and resolution of the appeal.

The contempt charges and the charge relating to the safety check violation were dismissed pursuant to the parties' agreement; Lei pled no contest to the remaining charges. The court accepted his pleas and found him guilty of those charges. As to each of the two driving-without-a-license charges, the court imposed a seventy-five dollar fine and a seven dollar driver's education assessment fee. As to the DUI charge, the court imposed a $500 fine, a $107 assessment, and 100 hours of community service. As to the insurance charge, the court imposed a $500 fine, a seven dollar driver's education assessment fee, and a one-year license suspension.

Lei timely appealed. On appeal, he argues that the district court should have: 1) dismissed the case because the prosecution failed to diligently execute the bench warrants; or 2) dismissed the DUI charge based on the HRPP Rule 48 violation. The prosecution counterargues that: 1) Lei's points of error were not properly preserved for appeal; 2) the bench warrants were served

without unnecessary delay; and 3) there was no violation of HRPP Rule 48.

## II. DISCUSSION

### A. Standard of review

#### 1. The requirements of HRPP Rule 11(a)(2)

The interpretation of court rules involves principles of statutory construction. Statutory interpretation presents questions of law that are reviewed *de novo* under the right/wrong standard. *State v. Baron,* 80 Hawai'i 107, 113, 905 P.2d 613, 619, *reconsideration granted in part and denied in part,* 80 Hawai'i 187, 907 P.2d 773 (1995).

#### 2. Dismissal under HRPP Rule 9

The district court has the inherent power to dismiss traffic violations for failure to prosecute. The exercise of this power is reviewed under the abuse of discretion standard. *See State v. Mageo,* 78 Hawai'i 33, 889 P.2d 1092 (App.1995). A court "abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." *State v. Klinge,* 92 Hawai'i 577, 584, 994 P.2d 509, 516 (2000) (citations and internal quotation marks omitted).

#### 3. Dismissal under HRPP Rule 48

When reviewing a trial court's denial of an HRPP Rule 48 motion to dismiss, we apply both the "clearly erroneous" and "right/wrong" tests:

> A trial court's findings of fact (FOFs) in deciding an HRPP Rule 48(b) motion to dismiss, are subject to the clearly erroneous standard of review.... However, whether those facts fall within HRPP Rule 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

1. The district court did not expressly state that it "accepted" the offer of proof. However, the court's statements are sufficient to establish that it implicitly did so.

*State v. Samonte,* 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996) (quoting *State v. Hutch,* 75 Haw. 307, 328–29, 861 P.2d 11, 22 (1993)). *State v. White,* 92 Hawai'i 192, 198, 990 P.2d 90, 96 (1999) (alterations in original).

**B. Although not in writing, Lei's plea was conditional and preserved both the HRPP Rule 9 and Rule 48 issues for appeal.**

 " '[G]enerally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims [on appeal], including constitutional challenges to the pretrial proceedings.' " *State v. Domingo,* 82 Hawai'i 265, 267, 921 P.2d 1166, 1168 (1996) (quoting *State v. Morin,* 71 Haw. 159, 162, 785 P.2d 1316, 1318 (App.1990)) (alterations in original). However, a conditional plea is an exception to the general rule. HRPP Rule 11(a)(2) provides:

> With the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

The prosecution argues that, because Lei did not reserve the conditions of his plea in writing, his points of error on appeal were waived. Hawai'i appellate courts have not addressed whether a written agreement is a jurisdictional requirement for an appeal based on a conditional plea. HRPP Rule 11(a)(2) is substantively identical to Federal Rules of Criminal Procedure (FRCrP) Rule 11(a)(2). Therefore, federal case law interpreting FRCrP Rule 11 is highly persuasive in our analysis. *Cf. Kawamata Farms, Inc. v. United Agri Products,* 86 Hawai'i 214, 251–52, 948 P.2d 1055, 1092–93 (1997) ("[w]here we have patterned a rule . . . after an equivalent [federal] rule . . ., interpretations of the rule by the federal courts are deemed to be highly persuasive in the rea-

soning of this court" (citation and internal quotation marks omitted)); *see also Federal Home Loan Mortgage Corp. v. Transamerica Ins. Co.,* 89 Hawai'i 157, 162 n. 1, 969 P.2d 1275, 1280 n. 1 (1998).

The writing requirement [of FRCrP Rule 11(a)(2) ] serves several purposes: it ensures that the plea is entered with "the considered acquiescence of the government"; it prevents "post-plea claims by the defendant that his plea should be deemed conditional merely because it occurred after denial of his pretrial motions"; and it enables the court to verify that the issues reserved for appeal are material to the disposition of the case.

*United States v. Carrasco,* 786 F.2d 1452, 1454 (9th Cir.1986) (quoting Fed.R.Crim.P. 11(a)(2) advisory committee note, 18 U.S.C.A. at 3 (West Supp.1985)) (footnote omitted). The Ninth Circuit treats the FRCrP Rule 11 writing requirement as jurisdictional. *See, e.g., id.* at 1453–54 ("We do not have jurisdiction to decide Carrasco's appeal of the denial of the suppression motion unless she entered a valid conditional plea.").

However, the Seventh Circuit has rejected the view that the writing requirement is jurisdictional, stating that it is "more in the nature of a right which can be waived[.]" *United States v. Yasak,* 884 F.2d 996, 999 (7th Cir.1989). The *Yasak* court stated that, "[w]hile there is no special writing reserving Yasak's right to appeal, we nonetheless are persuaded that Rule 11(a)(2)'s intent and purpose have been fulfilled. The transcript of the plea hearing provides a writing of sorts[.]" *Id.* at 1000. The transcripts clearly established that the parties had agreed to the conditional plea, that the district court had accepted the plea, and that the court understood that the denial of Yasak's motion to dismiss was the dispositive issue being preserved for appeal. In addition, in the district court and, on appeal, the government expressly stated that it agreed to the conditional plea. Therefore, the *Yasak* court held that the conditional plea was valid.[2] *Id.; see also*

---

2. We note that FRCrP Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Although HRPP Rule 11

does not contain this provision, the harmless error provision of HRPP Rule 52(a) is analogous. However, the *Yasak* court did not rely on FRCrP

*United States v. Markling,* 7 F.3d 1309, 1313 (7th Cir.1993) (holding that the absence of a written plea agreement did not foreclose review where the record included a letter from the prosecuting attorney to defense counsel stating that the government consented to a plea conditioned on the right to seek review of the denial of a motion to suppress evidence).

State courts also vary in their treatment of conditional pleas. The New Mexico Supreme Court has adopted a "substance-over-form" approach, permitting courts to forego " 'the informalities of a conditional plea so long as the record demonstrates that the spirit of Rule 11(a)(2) [3] has been fulfilled.' " *State v. Hodge,* 118 N.M. 410, 882 P.2d 1, 8 (1994) (quoting *United States v. Bell,* 966 F.2d 914, 916 (5th Cir.1992)). The Idaho Supreme Court, interpreting a rule similar to HRPP Rule 11(a)(2),[4] sustained an appeal pursuant to a conditional plea absent a writing where the court found that it could "determine the nature of the appeal and the right reserved for the appeal with specificity from the record," as well as "determine with specificity that the prosecuting attorney and defense counsel entered in an agreement...." *State v. Anderson,* 129 Idaho 763, 932 P.2d 886, 887–88 (1997).

In contrast, Arkansas and Washington D.C. courts demand strict compliance with the requirement that conditional pleas be in writing. *See Barnett v. State,* 336 Ark. 165, 984 S.W.2d 444, 446 (1999); *Demus v. United States,* 710 A.2d 858, 859 (D.C.1998). Further, in *State v. K.L.,* the Maine Supreme Court held that the defendant's arguments had not been properly preserved for appeal where there was no written conditional plea agreement, even though the sentencing transcripts reflected that the prosecution, defense, and the court understood that the plea would be conditional. 663 A.2d 21, 22 & n. 2 (Me.1995).

In Hawai'i, court rules alone cannot alter or abridge the jurisdiction of any court. *See In re Doe,* 77 Hawai'i 109, 113, 883 P.2d 30, 34 (1994) (" '[Court] rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitations.' " (Quoting HRS § 602–11 (1985).)). Thus, having considered the contrasting case law on conditional pleas, we hold that the HRPP Rule 11(a)(2) writing requirement is not jurisdictional in nature and may be waived where the purposes of the writing requirement can be satisfied through other means.

In the present case, although Lei did not execute a written plea agreement with the prosecution, the transcripts address all of the necessary elements of the conditional plea. Upon returning from the recess which the court called after instructing the parties to consider other options, such as a conditional plea, the following exchange took place:

DEFENSE: ... [W]e have reached an agreement with the government; and pursuant to your suggestion, I believe the government's going to agree to a conditional plea in this case.

But we have had our oral Motion to Dismiss and for the record, I just ask that the calendar in these cases be stipulated into evidence. I'm just gonna submit this to the clerk.

THE COURT: Very well.

DEFENSE: And prosecution has no objection to that, I believe.

PROSECUTION: No objection.

The prosecution also acknowledged the existence of the plea agreement during its sentence recommendation and stated on appeal that there was a conditional plea agreement between the prosecution and the defense. Further, it is clear that the district court

Rule 11(h) in holding that the conditional plea was valid.

**3.** Conditional pleas are allowed in New Mexico, although the New Mexico Rules of Criminal Procedure do not expressly authorize their use. *See State v. Hodge,* 118 N.M. 410, 882 P.2d 1, 6 (1994). The New Mexico Supreme Court has

approved conditional plea requirements similar to FRCrP Rule 11. *Id.*

**4.** Idaho Criminal Rule 11(a)(2) (1997) provides that "a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling."

understood that Lei was entering a conditional plea. For example, during the court's questioning to ensure that Lei's pleas were voluntarily and knowingly entered into, the court asked: "Now the State is willing to recommend the minimum penalties and to drop some of the other charges and the Court has indicated that you may still pursue the appeal of [defense counsel's] motion. Are there any other promises that have been made to you today?" Thus, the transcript clearly indicates that the prosecution consented to, and the court approved, the conditional plea and that the purpose of the conditional plea was to allow Lei to appeal the denial of the motion to dismiss. The transcript fulfills the purposes of the HRPP Rule 11(a)(2) writing requirement.

Therefore, we hold, based on the facts in the present case, that the prosecution waived the requirement that a conditional plea be in writing and that Lei entered a valid conditional plea.[5] Nevertheless, in order to insure that the record is clear as to the intent of the parties, we emphasize that trial courts should insist on compliance with the writing requirement of HRPP Rule 11(a)(2).

 The prosecution also argues that, assuming that the conditional plea was valid, it preserved only the HRPP Rule 48 issue for appeal. The prosecution contends that Lei's motion to dismiss was premised solely upon the alleged Rule 48 violation and that the motion did not raise the HRPP Rule 9 issue. We disagree.

Defense counsel orally moved to dismiss on Rule 48 grounds. During the arguments on the motion, defense counsel argued that the prosecution had not used due diligence in executing the bench warrant. However, this argument was made in the context of whether the period during which the bench warrants were outstanding would be excluded for Rule 48 purposes. Later during the hearing, defense counsel conceded that the time period from the issuance of the bench

warrant to the trial date after the defendant's re-arrest was chargeable to the defense. After the district court ruled on the Rule 48 issue, the following exchange took place:

DEFENSE: And also the delay for serving the warrant, my client—

COURT:—that's a different argument. That's a different argument.

DEFENSE:—well, we're gonna bring that in, too, because he's gonna testify that he was available and the government hasn't shown any due diligence and [sic] to find and serve him.

COURT: All right. We'll confront them in a minute. Be that as it may, everybody's ready on this. Can we see if we can maybe expedite this in a way that works for everybody? I think it's possible to do a conditional plea, if that's appropriate and preserve the issue and yet get the benefit of whatever deal the State's willing to offer. Why don't you guys talk about that?

DEFENSE: Okay.

COURT: You can preserve everything you want and still-why don't we try that. So short recess and I'll be happy to talk to you.

Counsel returned from the recess, having reached an agreement. Defense counsel asked that the court calendar be stipulated into evidence and presented an offer of proof as to Lei's whereabouts during the period in which the bench warrant was outstanding. The prosecution assented to both the stipulation and the offer of proof. The district court then took judicial notice of the number of outstanding misdemeanor bench warrants and concluded that, based on the impracticality of serving the warrants, the delay in executing Lei's bench warrants was not unreasonable. Because defense counsel conceded that the period was chargeable to the defense for Rule 48 purposes, Lei's where-

---

5. When a defendant believes that he entered into a valid conditional plea agreement that has been found to be invalid, the remedy is to vacate the plea on the grounds that the defendant has not knowingly and voluntarily entered the plea. *See* HRPP Rule 11(c)(4) (stating that the court shall not accept a plea of guilty or nolo contendere

without addressing the defendant personally in open court to determine that the plea is voluntary); *Carrasco*, 786 F.2d at 1455 (holding that, where defendant reasonably but mistakenly believed that she entered into a conditional plea, the sentence must be vacated and the defendant allowed to plead anew).

abouts and the bench warrant volume was clearly raised to address the Rule 9 issue.

Based on the representations of the parties and the statements by the district court, it is clear that the conditional plea included Lei's argument that the charges should be dismissed because the prosecution failed to exercise due diligence in executing the bench warrants. Therefore, we hold that both of Lei's points of error were properly preserved for appeal as part of the conditional plea.

## C. The district court abused its discretion in failing to dismiss the charges based on the prosecution's failure to execute the bench warrants "without unnecessary delay."

■ Lei argues that the district court abused its discretion in failing to dismiss the charges for lack of prosecution because the bench warrants were outstanding for over two years before he was arrested on December 1, 1998. Lei relies upon *State v. Mageo,* 78 Hawai'i 33, 889 P.2d 1092 (App.1995), in which the Intermediate Court of Appeals (ICA) affirmed the district court's dismissal of two traffic citations for want of prosecution.

The defendant in *Mageo* was cited on July 12 and October 9, 1989, and March 8, 1991, for driving without no-fault insurance. Each time, he failed to appear in court in response to the citation. Penal summonses were issued to him on August 1 and November 1, 1989, and April 5, 1991. The summonses were "reinstated" on February 5, 1992. Prior to that date, there had been no activity on the record after the issuance of the penal summonses. On February 21, 1992, Mageo pled not guilty as to all charges. Mageo subsequently moved to dismiss the first two citations based on HRPP Rule 48 and speedy trial violations. At the hearing on the motion to dismiss, Mageo informed the court that he had been living in Hawai'i since 1989

and had not left the state. *Id.* at 34, 889 P.2d at 1093. The district court granted the motion to dismiss because the penal summonses had not been served "without unreasonable delay" as required by HRPP Rule 9(c)(3)(ii).[6] The ICA affirmed, holding that the district court's dismissal was within its inherent power to dismiss as a case for failure to prosecute with due diligence. Applying the standard enunciated in *State v. Moriwake,* 65 Haw. 47, 56, 647 P.2d 705, 712 (1982) (stating that the State's interests must be balanced against fundamental fairness to the defendant and the orderly functioning of the courts), the ICA stated:

> [W]e acknowledge the State's interest in punishing criminal conduct. That is clearly outweighed, however, by the State's failure to timely prosecute and by the impact on the orderly functioning of the court system. There was a delay of over two years from the issuance of the penal summonses to the prosecution of the case. No explanation for the delay appears in the record. The State offered no written memoranda or oral offer of proof at the hearing to explain the delay, and the record is devoid of any reason for delay in service of the summonses. "Unreasonable delay in the determination of [a] criminal action subverts the public good and disgraces the administration of justice[.]" *Estencion,* 63 Haw. at 268, 625 P.2d at 1043. The record indicates Defendant was available for service in the jurisdiction over the period of non-prosecution and there is no evidence Defendant intentionally avoided service. Under such circumstances, the district court's exercise of its discretion was not arbitrary or without reason and was within the parameters set forth in *Moriwake.*

*Mageo,* 78 Hawai'i at 38–39, 889 P.2d at 1097–98 (footnote omitted) (some alterations in original). Thus, the ICA focused primari-

---

**6.** HRPP Rule 9(c)(3)(ii) requires that "[a] summons shall be served upon the defendant *without unnecessary delay* by delivering a copy to the defendant personally, or by mailing it, delivery to the defendant only with return receipt requested...." (Emphasis added.)

The district court also granted the motion based Rule 48, concluding that the traffic of-

fenses exception to Rule 48 was inapplicable because Mageo could have been subject to punishment for a petty misdemeanor. However, the ICA held that the traffic offense exception did apply and Rule 48 was, therefore, inapplicable. 78 Hawai'i at 36, 889 P.2d at 1095.

ly upon whether the defendant was amenable to service while the penal summonses were outstanding and whether there was a reason for the delay in serving the summonses.

Courts in other states look to similar factors in determining whether the prosecution has brought a defendant before the court in a timely manner. In Washington, where there is an unnecessary delay in bringing a defendant before the court for arraignment, under *State v. Striker*, 87 Wash.2d 870, 557 P.2d 847 (1976), a constructive arraignment is deemed to have occurred fourteen days after the filing of the information. *State v. Jones*, 100 Wash.App. 820, 998 P.2d 921, 924 (2000) (citing *State v. Greenwood*, 120 Wash.2d 585, 845 P.2d 971 (1993)). If the defendant is not brought to trial within 104 days of the filing of the information, the charge must be dismissed with prejudice. *Id.* (citing Wash.Super. Ct.Crim. Rules Rule 3.3(i)). However, the *Striker* rule does not apply if the defendant was not amenable to process or if the prosecution establishes that any efforts to serve the defendant were or would have been futile. *Id.* at 924–25. *See also, e.g., People v. Sigismundi*, 89 N.Y.2d 587, 657 N.Y.S.2d 381, 679 N.E.2d 620, 623 (1997) (noting that, pursuant to N.Y.Crim. Pro. Law § 30.30(4)(c) (1994), the prosecution is required to show "due diligence" in its efforts to execute a bench warrant where it cannot show that the defendant attempted to avoid apprehension or prosecution).

In the present case, there were delays of over two years in the execution of the bench warrants. HRPP Rule 9 requires that bench warrants, like penal summonses, be served "without unnecessary delay." HRPP Rule 9(c)(3)(i).[7] Lei proffered evidence that he was available for service while the bench warrants were outstanding; there is no indication in the record that he intentionally avoided service. The prosecution did not adduce any evidence that it attempted to serve Lei during that time, nor did it establish that an attempt to serve Lei would have been futile. Further, at least with regard to the May 9, 1996 bench warrant, the prosecution had opportunities to serve Lei without expending additional time or resources. The May 9 bench warrant could have been executed on May 18, 1996, when Lei was cited, or on May 20 and July 22, 1996, when he appeared in court for the May 18 citations. The failure to act upon these opportunities discredits the prosecution's argument that it acted diligently in attempting to serve the bench warrants. Except for the district court's judicial notice of the large volume of outstanding misdemeanor bench warrants, there is nothing in the record to indicate any reason for the lengthy delay in executing the bench warrants.

The volume of misdemeanor bench warrants is a relevant consideration as to what constitutes a reasonable amount of time for execution and is a legitimate subject of judicial notice.[8] Rule 201(b) of the Hawaiʻi Rules of Evidence (HRE) states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Where neither party requests that the court take judicial notice of a particular fact, whether the court takes judicial notice of that fact is within its sound discretion. *See* HRE Rule 201(c). The number of outstanding misdemeanor bench warrants issued by the district court is a fact capable of accurate and ready determination through reliable sources, and the court was therefore free to take judicial notice of that

---

7. The prosecution argues that *Mageo* is inapposite because it dealt with a penal summons, which can be served via mail, whereas the present case involves a bench warrant, which can only be executed by arresting the defendant. *Compare* HRPP Rule 9(c)(3)(i) *with* HRPP Rule 9(c)(3)(ii). Because execution of a bench warrant is more burdensome than service of a penal summons, a delay that may be deemed "unnecessary" for the service of a penal summons may be permissible for the execution of a bench warrant.

However, it is unnecessary to address this issue in the present case. We hold only that delays of two years and six months and two years and two months constitute unnecessary delays in the present case.

8. We note that, although the defense objected to the court's judicial notice of the volume of outstanding warrants, Lei does not pursue this argument on appeal.

fact. *Accord State v. Herrera*, 63 Haw. 405, 629 P.2d 626 (1981) (holding that the trial court is free to take judicial notice of, *inter alia*, "(1) the assignment schedule of cases for the judges in the criminal division; [and] (2) the workload and resultant congestion in the division . . ."). The district court did not abuse its discretion in taking judicial notice of the number of misdemeanor bench warrant that were outstanding.

However, the volume of outstanding warrants alone is insufficient to excuse the delays in the present case. The prosecution did not argue that the volume of outstanding warrants was unusually high due to exceptional circumstances. *Cf.* HRPP Rule 48(c)(2) (excluding periods of delay "caused by congestion of the trial docket when the congestion is attributable to *exceptional circumstances*" (emphasis added)). There is no indication in the record that the prosecution made any attempts whatsoever to execute the bench warrants and Lei proffered evidence that he was available for service. Un-

der such circumstances, it cannot be said that the delay in executing the bench warrants was necessary. Therefore, we hold that the trial court abused its discretion in failing to dismiss the charges based on HRPP Rule 9. Because we hold that the district court should have dismissed the charges for failure to prosecute with due diligence, we do not address Lei's argument that the DUI charge should have been dismissed under HRPP Rule 48.

## III. CONCLUSION

Based on the foregoing, the district court's judgments are hereby reversed.