32 P.3d 663

**STATE of Hawai'i, Petitioner/Plaintiff–Appellee,**

v.

**Allen T. HANAOKA, Respondent/Defendant–Appellant.**

**No. 23377.**

Supreme Court of Hawai'i.

Sept. 12, 2001.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, City and County of Honolulu, on the writ.

MOON, C.J., LEVINSON and ACOBA, JJ.; and NAKAYAMA, J., dissenting, with whom RAMIL, J., joins.

Opinion of the Court by ACOBA, J.

We hold that despite the lack of a reservation in writing, Respondent/Defendant Appellant Allen T. Hanaoka (Defendant) did, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 11(a)(2), condition his no contest plea to the charge of driving under the influence of intoxicating liquor (DUI), Hawai'i Revised Statutes (HRS) § 291–4 (Supp.1999), on his right to appeal the denial

of his motion to suppress his blood alcohol concentration (BAC) test result. Accordingly, although not addressed by the Intermediate Court of Appeals (the ICA) in its May 3, 2001 decision in the instant case, *State v. Hanaoka,* 97 Hawai'i 32, 32 P.3d 1106 (Ct.App. 2001) (hereinafter "ICA's opinion"), we conclude there was appellate jurisdiction to determine Defendant's appeal of the denial of his motion to suppress. We conclude, further, that the ICA correctly reversed the order denying Defendant's motion to suppress and vacated the March 21, 2000 judgment of the district court of the first circuit (the court)[1] convicting Defendant of DUI. *State v. Wilson,* 92 Hawai'i 45, 987 P.2d 268 (1999), must be given retroactive effect, as the ICA concluded, but on the grounds we set forth in *State v. Garcia,* 96 Hawai'i 200, 29 P.3d 919 (2001).

## I.

Defendant was arrested on August 31, 1999 for DUI, HRS § 291-4.[2] On November 23, 1999, Defendant filed a motion to suppress the result of his BAC breath test on the ground that the information imparted to him by the police prior to obtaining his breath sample was the same information found faulty in *Wilson* and which, in *Wilson,* resulted in a suppression of the test result.[3] He asserted, further, that *Wilson* should retroactively apply to his case.

At the hearing on Defendant's motion to suppress on February 22, 2000, the court denied the motion, disagreeing that retroactive effect should be given to *Wilson.* Defendant indicated he would enter a plea of no contest conditioned on filing an appeal from the court's order denying suppression, joining a number of other cases, then pending on appeal, involving the question whether retroactive effect is to be afforded *Wilson.*

[DEFENSE COUNSEL]: By way of proceeding, we'd ask the court to hear argument on that motion and pending the court's determination on the motion, *we will do a conditional plea and ask the court for leave to file and join an appeal.*

THE COURT: Well, first, we'll just address the motion itself.

The prosecution did file a responsive memo, is that correct?

[PROSECUTOR]: That's correct, your Honor.

. . . .

THE COURT: . . . So the court's going to deny the motion [to suppress] in this case.

And now we turn to whether the defendant's going to go [to] trial or not on the A2 on the case itself.

[DEFENSE COUNSEL]: *Your Honor, at this time my client would be entering a plea and asking the court for leave of court to file our motion to stay the sentencing and the plea being condition [sic] upon him filing an appeal and joining as the court must know a number of other cases that are pending that same issue on appeal the retroactivity of the Wilson[-]type motion.*

THE COURT: It's the court's understanding that the next step—

Well, first of all, we will address the entering of a plea.

. . . .

THE COURT: And in view of the court's decision, you know, I'm not going to suppress the alcohol test. *You want to*

---

1. The Honorable William P. O'Connor was the presiding judge herein.

2. HRS § 291-4 provides in pertinent part as follows:

   **Driving under the influence of intoxicating liquor.** (a) A person commits the offense of driving under the influence of intoxicating liquor if:

   . . . .

   (2) The person operates or assumes actual physical control of the operation of any vehicle with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of

blood or .08 or more grams of alcohol per two hundred ten liters of breath.

3. In *Wilson,* this court decided that "[defendant] was subject to revocation for three months *to a year* by consenting to and failing [the BAC test]" and concluded that the officer's advice that defendant would be subject to a three-month revocation "was inaccurate and misleading and did not fully inform [defendant] of the legal consequences of submitting to a blood test." 92 Hawai'i at 51–52, 987 P.2d at 274–75 (emphasis added) (footnote omitted).

*enter a plea today but you want to appeal that?*

THE DEFENDANT: I guess well.

THE COURT: *Well, I understand.* It's a first offense, of course.

[PROSECUTOR]: That's correct, your Honor.

. . . .

THE COURT: *Alright, then the court will accept the plea of no contest* and the court will impose the minimum sentence: $150 fine, 90 day license suspension will run concurrently with the Administrative Revocation, 14 hours alcohol abuse program will be imposed, with the assessment to be carried out.

*Now, it's my understanding, the prosecutor is to prepare an order to that effect and at that point the defense will be filing a notice of appeal from that order; that's been the procedure.*

[PROSECUTOR]: Yes, your Honor.

THE COURT: This will be reduced to a court order, a written court order that's appealable, not just my verbal order.

. . . .

THE COURT: And then you will appeal it and of course with your appeal you'll ask for a stay. If you appeal, this court will stay the execution of the sentence pending the appeal, pending the time of the appeal.

And I think that covers it.

. . . .

THE COURT: Was there proof of insurance?

[PROSECUTOR]: *Your Honor, could we make it a part of the conditional plea agreement that the defendant did show the State proof of insurance.* The State will then amend to 431:10C[-]107.

*And also as part of the conditional plea agreement, the State would then move to nolle prosequi case 8.*

THE COURT: *Basically then, the court will simply dismiss those two cases today and we're simply dealing now with the DUI and the issue of it's [sic] appealability.*

. . . .

[PROSECUTOR]: *Thank you, your Honor.*

(Emphases added.) The conditional plea itself was not reduced to writing. On April 4, 2000, Defendant filed a notice of appeal.

In his appeal, Defendant essentially argued for retroactive effect of *Wilson.* In its answering brief, Petitioner/Plaintiff Appellee State of Hawai'i (the prosecution) maintained that 1) "Defendant does not claim, nor does the judgment reflect, that his no contest plea was made based on condition that he may challenge the court's decision to deny his motion to suppress," and 2) "the district court was correct in refusing to apply *Wilson* retroactively." In his reply brief, Defendant asserted his "plea was conditioned upon his challenge of the denial of his motion to suppress." In its May 3, 2001 opinion, the ICA did not address the prosecution's first contention, but agreed, contrary to the prosecution's second point, that *Wilson* is to be retroactively applied. *See* ICA's opinion at 11.

In its application for certiorari, the prosecution reiterates its position as stated in its answering brief. Certiorari was granted in this case on June 4, 2001.

## II.

In connection with the prosecution's first contention, "[a]ppeals from judgments entered pursuant to conditional pleas are permitted pursuant to HRPP Rule 11(a)(2). A conditional plea is an exception to the general rule precluding nonjurisdictional appeals after a guilty or a no contest plea." *State v. Kealaiki,* 95 Hawai'i 309, 314, 22 P.3d 588, 593 (2001). HRPP Rule 11(a)(2) provides as follows:

With the approval of the court and the consent of the State, *a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right,* on appeal from the judgment, *to seek review of the adverse determination of any specified pretrial motion.* A defendant who prevails on appeal shall be allowed to withdraw the plea.

(Emphases added.)

In *State v. Lei,* 95 Hawai'i 278, 21 P.3d 880 (2001), we said that the written

reservation requirement in HRPP Rule 11(a)(2) may be waived. "[W]e hold that the HRPP Rule 11(a)(2) writing requirement is not jurisdictional in nature and may be waived where the purposes of the writing requirement can be satisfied through other means." *Id.* at 283, 21 P.3d at 885. Here, "the transcript[ ] address[es] all of the necessary elements of the conditional plea." *Id.* By their comments and statements, the "prosecution . . . acknowledged the existence of the plea agreement . . . , the district court understood that [Defendant] was entering a conditional plea[,] . . . [and] the prosecution consented to, and the court approved, the conditional plea[,] . . . the purpose of [which] . . . was to allow [Defendant] to appeal the denial of [Defendant's] motion" involved in the instant case, *i.e.*, the motion to suppress. *Id.* at 283–84, 21 P.3d at 885–86. Accordingly, "[t]he transcript fulfills the purposes of the HRPP Rule 11(a)(2) writing requirement." *Id.* at 284, 21 P.3d at 886.

### III.

As to the prosecution's second contention, we affirm the result reached by the ICA. In its decision, the ICA, citing *State v. Ikezawa*, 75 Haw. 210, 857 P.2d 593 (1993), and *State v. Nakata*, 76 Hawai'i 360, 878 P.2d 699 (1994), applied a three-factor "*Ikezawa/Nakata* " test. Applying the factors of 1) "the purpose to be served by the newly announced rule," ICA's opinion at 9, 2) "the extent of reliance by law enforcement authorities on the old standards," *id.*, and 3) "the effect on the administration of justice of a retroactive application of the new standards", *id.* at 10, the ICA resolved the issue in favor of the retroactive application of *Wilson*.

While we agree *Wilson* is controlling, the basis for retroactive application of *Wilson* is set forth in *Garcia*. In *Garcia*, we reviewed the evolution of case law in our jurisdiction which considered the retroactive effect to be given new rules in criminal cases. Aside from *Ikezawa* and *Nakata*, *Garcia* evaluated the impact of other cases on the question of retroactivity, including *State v. Santiago*, 53 Haw. 254, 492 P.2d 657 (1971), and *State v. Jackson*, 81 Hawai'i 39, 912 P.2d 71 (1996), and applied *Wilson* retroactively on the basis

that "when this court announces a new rule that benefits a defendant and applies the rule to the defendant in the case in which the rule is announced, it must be applied to all similarly situated defendants." *Garcia*, 96 Hawai'i at 214, 29 P.3d at 933 (internal quotation marks and citations omitted).

*Garcia* also set forth guidelines for identifying defendants similarly situated with Wilson, whose cases had not yet become final. A defendant whose conviction was "not yet final" at the time *Wilson* was announced was "entitled to rely on [the principles announced in] *Wilson*." *Id.* at 214, 29 P.3d at 933 (internal quotation marks, citations, ellipses points, and brackets omitted). "Final" means "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before . . . *Wilson*." *Id.* (internal quotation marks, citation, and brackets omitted). *Wilson* was decided on October 28, 1999. In that regard, Defendant was arraigned on October 7, 1999, his motion to suppress was filed on November 23, 1999, and judgment in his case was entered on March 21, 2000. Thus, Defendant's case was still pending and his case was not yet final when *Wilson* was decided on October 28, 1999. *Wilson*, accordingly, applied retroactively to this case, and the ICA was correct in arriving at that conclusion.

For the foregoing reasons, we affirm the decision of the ICA reversing the court's March 7, 2000 order denying Defendant's motion to suppress and vacating its March 21, 2000 judgment, but on the grounds set forth herein.

Dissenting Opinion by NAKAYAMA, J., with whom RAMIL, J., joins

I respectfully dissent from the majority's opinion. For the reasons discussed in my dissent in *State v. Garcia*, 96 Hawai'i 200, 29 P.3d 919 (2001) (Nakayama, J., dissenting), I believe that *State v. Wilson*, 92 Hawai'i 45, 987 P.2d 268 (1999), was wrongly decided and should be overruled. Therefore, I would affirm the district court's order denying Ha-

naoka's motion to suppress the results of his BAC breath test.