NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000694
12-APR-2018
08:17 AM

NO. CAAP-15-0000694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
KAYLA MONTGOMERY, also known as RACHAEL EVE THORNTON,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1013)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Ginoza and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the August 25, 2015 Order Dismissing Case Without Prejudice Due to Violation of Rule 9, Hawai'i Rules of Penal Procedure (HRPP) (Order of Dismissal) and the August 27, 2015 Amended Order Dismissing Case Without Prejudice Due to Lack of Prosecution (Amended Order of Dismissal), entered in the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, the State argues that the Circuit Court (1) erred in granting Exodus Bail Bond's (Exodus) Motion to Set-Aside Bail Forfeiture (Motion to Set-Aside); and (2) abused its discretion in dismissing this case because (a) Defendant-Appellee Kayla Montgomery, also known as Rachael Eve Thornton (Montgomery) was not amenable to service of the bench warrant while she was in Hawai'i, (b) the delay in executing the bench warrant did not justify dismissing the case, and consequently (c) it was error to recall the bench warrant.

---

[1] The Honorable Edward H. Kubo, Jr. presided.

After a careful review and due consideration of the points raised and arguments made by the parties, the record, and the applicable authority, we resolve the State's points on appeal as follows:

1. This court has no jurisdiction to review the Order Granting Surety's Motion to Set Aside Bail Forfeiture (Order Granting Motion to Set-Aside). While neither party has raised jurisdictional issues in this appeal, this court has an independent obligation to ensure jurisdiction exists State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). "The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Naititi, 104 Hawai'i 224, 233, 87 P.3d 893, 902 (2004) (citation and internal quotation marks omitted), overruled on other grounds by State v. Kazanas, 138 Hawai'i 23, 375 P.3d 1261 (2016). Statutes granting the State a right to appeal in criminal cases must be strictly construed. Id. The State has cited to Hawaii Revised Statutes (HRS) § 641-13(1) and (2) (2016)[2] as authority for jurisdiction over this appeal. The State's September 24, 2015 Notice of Appeal, filed twenty-seven days after the August 28, 2015 Order Granting Motion to Set-Aside, does not refer to nor attach the Order Granting Motion to Set-Aside. Accompanying the Notice of Appeal is a Statement of the Points of Error State of Hawai'i Intends to Present on the Appeal, which identifies the intent to challenge only the orders dismissing this case. The certificate of service for these documents show service was made only on the Office of the Public Defender and not Exodus.

---

[2]     HRS § 641-13(1) and (2) provides,

**By State in criminal cases.** An appeal may be taken by and on behalf of the State from the district or circuit courts to the intermediate appellate court, subject to chapter 602, in all criminal matters, in the following instances:

　　(1)　From an order or judgment quashing, setting aside, or sustaining a motion to dismiss any indictment, information, or complaint or any count thereof;

　　(2)　From an order or judgment sustaining a special plea in bar or dismissing the case where the defendant has not been put in jeopardy[.]

Similarly, the State's Statement of Jurisdiction does not mention the Order Granting Motion to Set-Aside and cites, as authority for this appeal, only HRS § 641-13(1) and (2). Assuming, without deciding, that the State may appeal an order granting the set aside of a judgment of bail forfeiture, it does not appear on this record that the State preserved an appeal from the Order Granting Motion to Set-Aside. See Chun v. Bd. of Trs. of the Emps. Ret. Sys., 92 Hawai'i 432, 448, 992 P.2d 127, 143 (2000).

Therefore, we will not consider the State's first point on appeal.

2. The Circuit Court did not abuse its discretion in dismissing the case for "State's Failure to Prosecute With Due Diligence." Montgomery moved to dismiss for a violation of HRPP Rule 9[3] at the July 22, 2015 status hearing. The appellate court reviews a trial court's ruling on a motion to dismiss under the abuse of discretion standard. State v. Lei, 95 Hawai'i 278, 281, 21 P.3d 880, 883 (2001). "A court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citation and internal quotation marks omitted). "The parameters within which this discretion is properly exercised requires a balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system. State v. Mageo, 78 Hawai'i 33, 37, 889 P.2d 1092, 1096 (App. 1995) (citation, internal quotation marks, and brackets omitted).

---

[3]     HRPP Rule 9, Obtaining the appearance of defendant, provides, in pertinent part,

(c)  **Execution or service and return.**

. . . .

(2) TERRITORIAL LIMITS.  The warrant may be executed or the summons served at any place within the State.

(3) Manner.

(i)  *Warrant.*  The warrant shall be executed without unnecessary delay by the arrest of the defendant. . . .

3

Whatever may be said about the time between the issuance of the bench warrant for Montgomery on November 27, 2013 and when Montgomery was found by Exodus in Massachusetts sometime before September 30, 2014,[4] it is patent in the record that the State made no attempts to serve the bench warrant thereafter. Even after the Circuit Court made clear that it was inclined to dismiss the case unless good cause was shown for the lack of execution on the bench warrant on January 7, 2015 and after Montgomery moved to dismiss at the July 22, 2015 status conference, the State communicated no attempts to execute nor an intent to extradite to bring Montgomery back to face sentencing.

Balancing the interests of the parties and the orderly functioning of the court system, and taking into account the lack of any efforts to pursue this prosecution and failure to object or provide the Circuit Court with any explanation or express any interest in pursuing this case, we cannot say that the dismissal of the case was an abuse of discretion.

Based on our decision to affirm the dismissal of this case, it is unnecessary to address the State's other arguments.

For the foregoing reasons, we affirm the Circuit Court of the First Circuit's August 25, 2015 Order Dismissing Case Without Prejudice Due to Violation of Rule 9, Hawaiʻi Rules of Penal Procedure and August 27, 2015 Amended Order Dismissing Case Without Prejudice Due To Lack of Prosecution.

DATED:  Honolulu, Hawaiʻi, April 12, 2018.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4]     Exodus reported to the Circuit Court that it had information of a "specific location" for Montgomery in Massachusetts at the September 30, 2014 continued hearing on Exodus's Motion to Set-Aside. It is unclear exactly when that information was obtained by Exodus.