**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000683
28-AUG-2025
07:51 AM
Dkt. 61 SO**

NO. CAAP-23-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAMES S. OSAKI, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-21-0000609(1))

SUMMARY DISPOSITION ORDER
(By:  Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant James S. **Osaki** appeals from the Circuit Court of the Second Circuit's October 18, 2023 "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part [His] Motion to Dismiss Indictment" (**October 18, 2023 Order**).[1]  (Formatting altered.)  On appeal, Osaki contends the circuit court abused its discretion in dismissing the case *without* prejudice.  We affirm.

---

[1]  The Honorable Kirstin M. Hamman presided.

A grand jury indicted Osaki on two felony counts of methamphetamine-related offenses, among other counts. The circuit court issued a bench warrant on October 11, 2021. Twenty-two months later, on August 23, 2023, the bench warrant was served. Osaki appeared in court, pled not guilty, and moved to dismiss the indictment.

In moving to dismiss the indictment, Osaki argued the Plaintiff-Appellee **State** of Hawaiʻi's delay in serving the warrant was unnecessary and violated Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 9. HRPP Rule 9(c)(3)(i) (requiring a warrant be "executed without unnecessary delay"). Osaki requested the indictment be dismissed *with* prejudice. In response, the State argued that if there was unnecessary delay, the balance of interests favored dismissal *without* prejudice.

The circuit court dismissed the indictment and did so without prejudice. In determining the dismissal should be without prejudice, the circuit court found that the "State's interest in prosecuting serious drug offenses is strong and outweighs the interests of the Defendant[,]" and the "Defendant did not allege any prejudice suffered as a result of this delay." Osaki appealed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

Osaki contends the dismissal should have been with prejudice. He argues that a "[d]ismissal for the unnecessary and inexcusable delay is final and ends the case[,]" and "[o]nce the rule has been violated, the prosecution should not be allowed to revive the case." Osaki further reasons that "[d]ismissal without prejudice gives little incentive for the prosecution to comply with the rule and timely serve warrants[,]" leaving the case hanging over his head.

We review the circuit court's dismissal without prejudice for an abuse of discretion. State v. Lei, 95 Hawaiʻi 278, 281, 21 P.3d 880, 883 (2001). A court abuses its discretion when it "clearly exceeds the bounds of reason or disregards rules or principles of law or practice" to the defendant's substantial detriment. Id. (internal quotation marks and citation omitted).

In criminal cases, the court may use its inherent power to dismiss a case for failing to prosecute with due diligence. State v. Mageo, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995); State v. Kleefield, 142 Hawaiʻi 357, 418 P.3d 1213, No. CAAP-17-0000524, 2018 WL 2439096, at *1 (App. May 31, 2018) (SDO). In dismissing a case with prejudice, the court should set forth its reasons so the "reviewing court may

3

accurately assess whether the trial court duly exercised its discretion." Mageo, 78 Hawaiʻi at 38, 889 P.2d at 1097. This necessarily applies to dismissing a case without prejudice. Id. at 37-38 n.10, 889 P.2d at 1097-96 n.10; Kleefield, 2018 WL 2439096, at *1 ("A trial court has the inherent power to dismiss a charge with or without prejudice for the failure to prosecute with due diligence, but should issue written findings setting forth its reasons.").

In making its findings, the court "should consider the appropriate factors depending upon the grounds for dismissal." Kleefield, 2018 WL 2439096, at *1. If the ground for dismissal is the violation of HRPP Rule 9, the analysis requires "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system[.]" Id. (cleaned up) (quoting Mageo, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97 (citing State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982))).

Here, the circuit court granted Osaki's motion to dismiss.[2] And, in dismissing the case, the circuit court

---

[2] Osaki relies on two cases, State v. Owens and Lei, in which the Hawaiʻi Supreme Court "reversed" the trial courts' judgments on the grounds that the trial courts abused their discretion in failing to dismiss the charges based on HRPP Rule 9. State v. Owens, 116 Hawaiʻi 172, 173, 172 P.3d 484, 485 (2007); Lei, 95 Hawaiʻi at 279, 21 P.3d at 881. Osaki contends that "reversal," in those cases, constituted dismissal with prejudice. We note that the procedural posture of Owens and Lei is different. In Owens and Lei, the trial courts **denied** defendants' motion to dismiss. Owens, 116 Hawaiʻi at

(continued . . .)

4

correctly stated it was required to balance the State's interest against fundamental fairness to Osaki, with the added ingredient of the court's orderly function. Mageo, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97.

As to the State's interest, the circuit court found that the State possessed a strong interest in prosecuting the serious drug offenses charged.

As to fairness to Osaki, the circuit court found that Osaki did not allege any prejudice suffered as a result of the delay.[3] See State v. Owens, 116 Hawaiʻi 172, 178, 172 P.3d 484, 490 (2007) (considering prejudice to defendant where defendant "maintained there was a violation of his due process rights[,]" and the passage of time "inhibited his ability to confront any witnesses against him and the fading of memory that accompanies the passage of time made it more difficult to defend himself"). Osaki challenges this finding but does not point to where in the record he alleged to the circuit court that he suffered prejudice. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

_____

(. . . continued)

173, 172 P.3d at 485; Lei, 95 Hawaiʻi at 279, 21 P.3d at 881. Here, the circuit court **granted** Osaki's motion to dismiss, and in so doing, set forth specific findings as to why it was exercising its discretion to dismiss without prejudice.

[3] Although the circuit court placed the statement that Osaki "did not allege any prejudice suffered as a result of this delay" under the "Conclusions of Law" heading, it is a factual finding.

Although the circuit court made no specific finding regarding the orderly function of the courts, it rejected Osaki's argument that dismissal with prejudice was warranted.

And the circuit court set forth its reasons in writing.

The circuit court did not clearly exceed the bounds of reason or disregard principles of law. Thus, the circuit court did not abuse its discretion in dismissing the case without prejudice.

Based on the foregoing, we affirm the circuit court's October 18, 2023 Order dismissing the case without prejudice.

DATED: Honolulu, Hawaiʻi, August 28, 2025.

On the briefs:

Benjamin E. Lowenthal,
Deputy Public Defender
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge