The Estate of **JANET FRANCES SEARL**, Deceased

NO. 14830

(P. NO. 89–0751)

MAY 30, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

I.

Respondent–Appellant Frances Ann Parker appeals from a First Circuit Court order filed August 24, 1990 which denied her motion for partial summary judgment and granted Petitioner–

Appellee Herbert Hunt Searl's cross–motion for partial summary judgment thereby allowing Searl to take an elective one–third share of Decedent Janet Frances Searl's net estate in accordance with Hawaii Revised Statutes (HRS) § 560:2–201 (1985) of Hawaii's Uniform Probate Code (UPC). We affirm.

## II.

Decedent Janet Frances Searl (Decedent) died in Honolulu on August 15, 1989. At the time of her death, Decedent and Petitioner–Appellee Herbert Hunt Searl (Searl) were legally married. Although the couple finally separated in 1968, Decedent and Searl had never gotten a divorce.

In 1968, Decedent and Searl executed a general warranty deed conveying all their rights, title and interest in property located in Lanikai, Hawaii to Decedent. Decedent executed a will in 1970 and a codicil to the will in 1983 naming her daughter Respondent–Appellant Frances Ann Parker (Parker) as the sole beneficiary of her net estate which included the Lanikai property. Decedent did not name Searl in the will. On December 21, 1989 Searl filed a Petition to Take Elective Share and Claim for Homestead Allowance as provided by HRS §§ 560:2–201 and 560:2–401.

Parker filed objections to the petition and a motion for partial summary judgment. Parker argued that Searl waived his right to take a statutory share of the Lanikai property when Searl executed the general warranty deed in 1968 which conveyed all of his rights, title and interest in the property to Decedent. Searl filed a cross–motion for partial summary judgment arguing he was entitled to an elective share as provided by statute because the general warranty deed did not constitute a waiver of his interest in Decedent's estate.

The lower court denied Parker's motion for partial summary judgment and granted Searl's cross–motion for partial summary judgment. This timely appeal followed.

### III.

On appeal, Parker contends that (1) the UPC which was enacted in 1977 does not relate back to an interest conveyed in 1968; and (2) if the UPC does apply, Searl waived any right to an elective share of the Lanikai property by executing the general warranty deed in favor of Decedent.

### IV.

The UPC was adopted by Hawaii in 1976 and provides that a surviving spouse is entitled to take an elective one–third share of the decedent spouse's net estate. Decedent's will was executed in 1970 and amended in 1983. Parker contends that because the property was transferred prior to the enactment of the UPC, a surviving spouse's right to an elective share is inapplicable in this case. We disagree.

It has been "well settled that a will speaks from the time of the testator's death, and that what is spoken is subject to the laws in force at that time." *In re Estate of Christian*, 65 Haw. 394, 397, 652 P.2d 1137, 1140 (1982) (citations omitted). In the instant case, Decedent died in 1989 and the UPC is applicable even though the will and transfer of property occurred prior to the UPC's enactment. Furthermore, Parker's reliance on HRS § 560:8–101(b)(6) which exempts property rights accrued under Hawaii law and vested prior to July 1, 1977 from the UPC provisions is misplaced. At the time of the conveyance, Hawaii law did not specifically provide that a spouse's marital rights were divested by a transfer of property from one spouse to another. Therefore, we conclude that the UPC applies in the instant case.

Searl is a surviving spouse and is entitled to take an elective share of Decedent's net estate if he meets the requirements of the

relevant statutes. HRS § 560:2–201(a) governs the right to an elective share and reads as follows:

> **Right to elective share.** (a) If a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one–third of the net estate under the limitations and conditions hereinafter stated.

The "net estate" of a decedent's property includes "the estate which would, in the absence of the surviving spouse's election under section 560:2–205, be disposed of by the decedent's will[.]" HRS § 560:2–202. The surviving spouse must file a petition for elective share "within nine months after the date of death, or within six months after the probate of the decedent's will[.]" HRS § 560:2–205(a).

We have reviewed the record in this case and conclude that Searl met the requirements set forth by the UPC and was entitled to take an elective share. Decedent was a married person domiciled in this state at the time of her death, and Searl was her surviving spouse. It is undisputed that Decedent owned the Lanikai property and it became part of her net estate. Furthermore, Searl filed the appropriate petition within the time limit specified by statute. Thus, pursuant to HRS § 560:2–201, Searl is entitled to take an elective one–third share of decedent's net estate unless he waived any right to the property pursuant to HRS § 560:2–204.

HRS § 560:2–204 provides:

> **Waiver of right to elect and of other rights.** The *right of election of a surviving spouse* and the rights of the surviving spouse to homestead allowance, exempt property and family allowance, or any of them, *may be waived, wholly or partially, before or after marriage, by a written contract, agreement or waiver signed by the party waiving after fair disclosure.* Unless it provides to the contrary, a waiver of "all rights" (or equivalent

language) in the property or estate of a present or prospective spouse or a complete property settlement entered into after or in anticipation of separation or divorce is a waiver of all rights to elective share, homestead allowance, exempt property and family allowance by each spouse in the property of the other and a renunciation by each of all benefits which would otherwise pass to the spouse from the other by intestate succession or by virtue of the provisions of any will executed before the waiver or property settlement.

(Emphasis added).

Parker argues that the general warranty deed executed by Searl conveying all his rights in the property to Decedent acted as a waiver of any right to an elective share Searl had under the UPC. The warranty deed provided that Searl conveyed the property,

[a]nd the reversions, remainders, rents, issues and profits thereof and all of the estate right, title and interest of [Searl], both at law and in equity[.]

TO HAVE AND TO HOLD the same, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed [to Decedent] as tenant in severalty and her heirs and assigns, in fee simple forever[.]

The deed clearly conveyed all of Searl's ownership rights in the Lanikai property to Decedent. Decedent had the right to sell, convey or otherwise dispose of the property. Having failed to dispose of the property before her death, the property became a part of Decedent's net estate at death.

The fact that Searl conveyed the property in fee simple to Decedent does not convince this court that he waived his right to an elective share. Generally, waiver is defined as an intentional relinquishment of a known right, a voluntary relinquishment of rights,

and the relinquishment or refusal to use a right. *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. 98, 108, 705 P.2d 28, 36 (1985). To constitute a waiver, there must have existed a right claimed to have been waived and the waiving party must have had knowledge, actual or constructive, of the existence of such a right at the time of the purported waiver. *Honolulu Fed. Sav. & Loan Ass'n v. Pao*, 4 Haw. App. 478, 484, 668 P.2d 50, 54 (1983).

At the time Searl conveyed the property, the UPC was not enacted and Searl had no knowledge of his right to take an elective share of his wife's property upon her death. We conclude that because Searl had no knowledge of his statutory right of election, the conveyance of the Lanikai property could not act as a waiver of his statutory right to an elective share.[1]

## V.

Based on the foregoing, we affirm the circuit court order denying Parker's motion for partial summary judgment and granting Searl's cross–motion for partial summary judgment and allowing Searl to take an elective one–third share in Decedent's net estate.

*Bruce L. Lamon* (*Scott A. Makuakane* with him on the brief; Goodsill, Anderson, Quinn & Stifel, of counsel) for Respondent–Appellant.

*Myer M. Ueoka* (*Gerald T. Johnson* with him on the brief; Ueoka & Ueoka, of counsel) for Petitioner–Appellee.

---

[1] We do not determine whether the general warranty deed would constitute a waiver in accordance with HRS § 560:2–204.