IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee v.
SCOTT M. COOLEY, Defendant-Appellant

NO. 28731

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Traffic No. 6098035MO)

JUNE 30, 2010

FUJISE, PRESIDING JUDGE, LEONARD AND GINOZA, JJ.


OPINION OF THE COURT BY GINOZA, J.

Defendant-Appellant Scott M. Cooley (Cooley) appeals
from the Order Summarily Denying Motion to Correct Abstract of
Traffic Record filed on August 6, 2007 in the District Court of
the First Circuit (district court).[1]

I.   **Background**

On February 25, 2007, Plaintiff-Appellee State of
Hawai'i (State) cited Defendant Cooley for being in possession of
an alcoholic beverage while at Waialae Beach Park, 4925 Kahala
Avenue, in violation of Revised Ordinances of Honolulu (ROH)
§ 40-1.2.[2]

---

[1]   The Honorable Russel S. Nagata presided.

[2]   ROH § 40-1.2(a) (Supp. 1987) provides:

**Sec. 40-1.2   Prohibition in public areas--Exceptions.**
(a) No person shall possess, other than in a container in the
manufacturer's sealed condition, intoxicating liquor on any street
or sidewalk, or in any public park, public playground, public
school ground, public off-street parking area or any building
located thereon.

On May 16, 2007, Cooley appeared in court for arraignment and plea on the charge of violating ROH § 40-1.2, a petty misdemeanor.[3] The State moved to amend the charge to a violation of Hawaii Revised Statutes (HRS) § 291-3.3(b),[4] which the district court granted. Cooley admitted to the amended charge, a mitigation hearing was held, and judgment was entered that same day, May 16, 2007, for violation of HRS § 291-3.3(b). Cooley was ordered to pay fines and fees totaling twenty-seven dollars.

Subsequently, the violation of HRS § 291-3.3(b) appeared on Cooley's Abstract of Traffic Record. Cooley filed a "Motion to Correct Abstract of Traffic Record" (Motion to Correct Abstract), requesting that the district court remove the HRS § 291-3.3(b) violation from his traffic abstract on grounds that it was not a "moving violation" under HRS § 287-3, the statute addressing the contents of a traffic abstract. On August 6,

---

[3]  ROH § 40-1.3 (1983) provides, in pertinent part:

**Sec. 40-1.3  Criminal Penalties - Enforcement.**
(a) The penalties provided in this article are criminal penalties . . . .
       . . . .

(c) Penalty. Any person convicted of a violation of any provision of this article shall be punished by a fine of not more than $1,000.00 or by imprisonment for not more than 30 days, or both . . . .

A non-penal code crime is a petty misdemeanor if it provides for a maximum term of imprisonment that is less than thirty days. HRS § 701-107(4) (Supp. 2009).

[4]  HRS § 291-3.3 (2007) provides, in pertinent part:

**§291-3.3  Storage of opened container containing intoxicating liquor or consumption at scenic lookout. . . .**

(b)  No person shall consume any intoxicating liquor at any scenic lookout.
       . . . .

(d)  Any person violating this section shall be guilty of a violation.

2007, the district court issued an Order Summarily Denying Motion To Correct Abstract Of Traffic Record (Order Denying Motion). Cooley filed a motion for reconsideration of the Order Denying Motion, and also requested a hearing. On August 20, 2007, the district court denied the motion for reconsideration without a hearing. Cooley filed his Notice of Appeal on September 4, 2007.

On appeal, Cooley contends the district court reversibly erred by concluding: (1) that a violation of HRS § 291-3.3(b) should be included in Cooley's traffic abstract; (2) that Cooley waived any defense that the consumption of intoxicating liquor at the scenic lookout had to have arisen from the operation of a motor vehicle; and (3) that the traffic violations bureau properly included the violation in Cooley's traffic abstract.

## II. Discussion

### A. Standard of Review

The amended charge was a non-criminal violation of HRS § 291-3.3(b). See HRS § 701-107(5).[5] The district court had jurisdiction to address Cooley's Motion To Correct Abstract under

---

[5] HRS § 701-107(5) (1993) provides, in relevant part:

§701-107 Grades and classes of offenses.

. . . .

(5) An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime. A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

3

HRS § 604-7(e)[6] and the district court's inherent authority over the district court records.  Cf., TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) ("the trial court retains jurisdiction to determine matters collateral or incidental to the judgment.").

We review a trial court's exercise of its inherent powers for abuse of discretion.  State v. Lei, 95 Hawai'i 278, 281, 21 P.3d 880, 883 (2001); State v. Moriwake, 65 Haw. 47, 55-57, 647 P.2d 705, 711-713 (1982); Lussier v. Mau-Van Development, Inc., 4 Haw. App. 359, 392, 667 P.2d 804, 826 (1983).  "A court 'abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.'"  Lei, 95 Hawai'i at 281, 21 P.3d at 883 (quoting State v. Klinge, 92 Hawai'i 577, 584, 994 P.2d 509, 516 (2000)).

**B.    The District Court Abused Its Discretion**

In its Order Denying Motion, the district court made the following legal conclusions:

> HRS 291 relates to traffic violations.  Subsection 3.3
> covers the "storage of opened container containing
> intoxicating liquor or consumption at a scenic lookout."  In
> admitting to a violation of HRS 291-3.3(b) defendant waived
> any defense that the consumption of the intoxicating liquor
> at the scenic lookout had to have arisen from the operation
> of a motor vehicle.
>
> HRS 287-3 requires the traffic violations bureau to
> provide a certified abstract of a person's convictions
> arising from the operation of a motor vehicle.  HRS

---

[6]  HRS § 604-7(e) (1993) provides:

§604-7 Powers; venue.

. . . .

(e)  The several district courts shall have power to make and award judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given them by law or for the promotion of justice in matters pending before them.

291-3.3(b) is included in a chapter which involves the operation of a motor vehicle.

HRS 291-3.3(b) was properly included as part of the certified abstract.

In addressing Cooley's Motion To Correct Abstract, the district court was faced with a question of statutory interpretation and a question of waiver. We believe the district court disregarded rules or principles of law and therefore abused its discretion.

### 1. A Violation of HRS § 291-3.3(b) Should Not Be Included In A Traffic Abstract

On the question of statutory interpretation,

the fundamental starting point ... is the language of the statute itself. . . . Moreover, where the language of the statute is plain and unambiguous, [the court's] only duty is to give effect to its plain and obvious meaning. When construing a statute, [a court's] foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And [the court] must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

State v. Toyomura, 80 Hawai'i 8, 18-19, 904 P.2d 893, 903-04 (1995) (citations, internal quotation marks, and brackets in original omitted). The district court examined two statutes: HRS § 287-3(a), the statute which governs the information found in traffic abstracts; and HRS § 291-3.3(b), the statute Cooley admitted violating.

### (a) Traffic Abstracts Under HRS § 287-3

HRS § 287-3(a), regarding traffic abstracts, provides in pertinent part:

The traffic violations bureaus of the district courts, upon request, shall furnish any person a certified abstract of the bureaus' record, if any, of any person relating to all alleged <u>moving violations and any convictions resulting therefrom, arising from the operation of a motor vehicle and any administrative license revocation</u> pursuant to chapter

5

> 291E, part III and chapter 286, part XIV, as it was in
> effect on or before December 31, 2001.

HRS § 287-3(a) (2007)(emphasis added).

Since Cooley's violation of HRS § 291-3.3(b) is clearly not an administrative license revocation, it should be included in his traffic abstract if it is: an alleged "moving violation" or a conviction resulting from an alleged moving violation; and it arose "from the operation of a motor vehicle".

The term "moving violation" is undefined in the Hawaii Revised Statutes and there exists no case law shedding light on its interpretation. "[O]rdinary meanings are attached to terms not given a statutory definition" and one may "[r]esort to legal or other well accepted dictionaries [as] one way to determine the ordinary meanings of certain terms." State v. Chen, 77 Hawai'i 329, 337, 884 P.2d 392, 400 (App. 1994) (citation omitted). Black's Law Dictionary defines a moving violation as "[a]n infraction of a traffic law while the vehicle is in motion." Black's Law Dictionary 1111 (9th ed. 2009).

### (b)  HRS § 291-3.3(b) Is Not A Moving Violation Arising From The Operation Of A Motor Vehicle

Although Chapter 291 is entitled "Traffic Violations", the specific provisions of HRS § 291-3.3(b) do not involve a moving violation and do not involve a motor vehicle at all. HRS § 291-3.3 provides, in its entirety:

> **Storage of opened container containing intoxicating liquor or consumption at scenic lookout.**
>
> (a)  No person shall keep in a motor vehicle, or on a moped when such vehicle or moped is upon any public street, road, or highway or at any scenic lookout, any bottle, can, or other receptacle containing any intoxicating liquor which has been opened, or a seal broken, or the contents of which have been partially removed or fully removed, unless such container is kept in the trunk of the vehicle, or kept in some other area of the vehicle not normally occupied by the driver or passengers, if the vehicle is not equipped with a trunk. A utility or glove compartment shall be

deemed to be within the area occupied by the driver and passengers.

(b) <u>No person shall consume any intoxicating liquor at any scenic lookout</u>.

(c) Subsection (a) shall not apply to a recreational or other vehicle not having a separate trunk compartment.

(d) Any person violating this section shall be guilty of a violation.

HRS § 291-3.3 (2007) (emphasis added). The subsection Cooley admitted to violating is plain and unambiguous on its face: it prohibits the consumption of liquor at a "scenic lookout." A "scenic lookout" is defined as "includ[ing] any area within or adjoining a public street, road, or highway which is intended for use by motorists as a stopping or parking area attendant to the enjoyment of the surrounding scenery or a view." HRS § 291-1 (2007).

Although one must be at a scenic lookout to violate HRS § 291-3.3(b), Cooley correctly asserts that, "[w]hether or not a motor vehicle is involved is wholly irrelevant to a charge under HRS § 291-3.3(b)." Furthermore, based on a plain reading of the definition of "scenic lookout", one does not need to be in or around a vehicle to be at a "scenic lookout."

Based on the clear language of both HRS § 287-3(a) and HRS § 291-3.3(b), and because HRS § 291-3.3(b) does not describe a "moving violation" which arises from the "operation of a motor vehicle", the district court disregarded the statutory requirements and abused its discretion in determining that a violation of HRS § 291-3.3(b) was properly included as part of Cooley's traffic abstract.[7]

_____

    [7] The State makes the contention that HRS § 287-3 "does not purport to limit contents of the abstract to only those [moving] violations" and that the traffic bureaus in essence may choose to include non-moving violations. This argument is unpersuasive. First, based on the legislative history of the statute, it was adopted in 1949 as part of the legislature's effort "to aid in
(continued...)

2.  **There Was No Waiver By Cooley Regarding The Traffic Abstract**

In its Order Denying Motion, the district court concluded that: "[i]n admitting to a violation of HRS 291-3.3(b) defendant waived any defense that the consumption of the intoxicating liquor at the scenic lookout had to have arisen from the operation of a motor vehicle."

It is undisputed that Cooley admitted to the amended charge of violating HRS § 291-3.3(b). However, as discussed above, this provision does not include any involvement of a motor vehicle. Moreover, there are no facts in the record indicating that the allegations against Cooley in any way involved a "moving violation" or a motor vehicle at all.

"Waiver" is generally defined as "an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." Coon v. City and County of Honolulu, 98 Hawai'i 233, 261, 47 P.3d 348, 376 (2002) (quoting In re Estate of Searl, 72 Haw. 222, 226-27, 811 P.2d 828, 831 (1991)). To constitute a valid waiver, "there must have existed a right claimed to have been waived and the waiving party must have had knowledge, actual or constructive, of the existence of such a right at the time of the purported waiver." Coon at 261, 47 P.3d at 376. A waiver can be express or implied: it can either be established by an express statement or agreement, or reasonably inferred from acts and conduct. Id.;

---

[7](...continued) the elimination of reckless and irresponsible drivers" by requiring that drivers involved in certain types of incidents provide security or proof of financial responsibility. See S. Stand. Comm. Rep. No. 734 in 1949 Senate Journal, at 877; H. Stand. Comm. Rep. No. 734 in 1949 House Journal, at 1876. To include non-moving violations on traffic abstracts would be inconsistent with that purpose. Second, the phrase "moving violations" first appeared in the 1982 amendments to the statute. The legislative committee adding this language stated: "Your Committee has amended this bill to limit the furnishing of records to those involving 'moving violations'." H. Stand. Comm. Rep. No. 427 in 1982 House Journal, at 1083. (emphasis added).

<u>Wilart Assocs. v. Kapiolani Plaza, Ltd.</u>, 7 Haw. App. 354, 359-60, 766 P.2d 1207, 1210-11 (1988).

Based on the record in this case, there is nothing on which to base a conclusion that Cooley intentionally relinquished any right to challenge an improper listing of a HRS § 291-3.3(b) violation on his traffic abstract. There is nothing to suggest the traffic abstract was in any way contemplated or should have been contemplated before Cooley admitted to the violation, or that he had actual or constructive knowledge that his admission could lead to the violation appearing on his abstract. Rather, the district court infers that, because Chapter 291 relates to traffic violations and given the title of HRS § 291-3.3, Cooley waived any defense that the violation he was admitting must have arisen from the operation of a motor vehicle. The district court's inference disregards that the particular violation under HRS § 291-3.3(b) does not involve a moving violation or a motor vehicle at all. The district court disregarded both the clear language of HRS § 291-3.3(b) and the legal principles as to waiver.

The State cites to <u>State v. Morin</u>, 71 Haw. 159, 785 P.2d 1316 (1990) in arguing that "by entering a plea of no contest without reserving the right to appeal nonjurisdictional issues, Defendant effectively waived his right to appeal the consequences of the ruling, one of which circumstances involved the inclusion of the offense in Defendant's traffic abstract." In <u>Morin</u>, the Hawai'i Supreme Court held:

> [t]o allow the Defendants to plead no contest in exchange for the reduction and dismissal of charges against them, and then to permit them to attack the remaining convictions achieved by those pleas . . . would jeopardize the integrity of the plea bargaining process. Defendants' pleas, therefore, preclude them from now contesting any nonjurisdictional issues . . . .

71 Haw. at 164, 785 P.2d at 1319.

9

Morin is inapposite. Cooley did not enter a plea of no contest to a criminal charge. Rather, Cooley admitted to a non-criminal violation. Then, by his Motion To Correct Abstract, Cooley did not seek to undermine in any way his admission to the violation. Rather, he challenged the subsequent and improper listing of the violation on his traffic abstract.

We therefore hold that the district court abused its discretion in concluding that Cooley waived his defenses or rights related to the traffic abstract.

## III. **Conclusion**

Based on the foregoing, we reverse the district court's Order Summarily Denying Motion To Correct Abstract Of Traffic Record issued on August 6, 2007 and remand for entry of an order directing that the HRS § 291-3.3(b) violation be deleted from Cooley's traffic abstract.

DATED: Honolulu, Hawai'i, June 30, 2010.

On the briefs:

Carol A. Eblen
Regan M. Iwao
(Goodsill Anderson Quinn & Stifel)
for Defendant-Appellant

Peter B. Carlisle
Prosecuting Attorney
Anne K. Clarkin
Deputy Prosecuting Attorney
for Plaintiff-Appellee