**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000518
16-DEC-2024
08:00 AM
Dkt. 49 SO

NO. CAAP-21-0000518

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CORY KAI SARMIENTO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 5PC1310000442)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Cory Kai **Sarmiento** appeals from the Circuit Court of the Fifth Circuit's August 23, 2021 "Order Denying Without Prejudice Defendant Sarmiento's Motion for Return of Fines, Fees, and Restitution, and for the Expungement of the Arrest and Charge and Record in this Case" (**Order Denying Fines and Expungement**).[1]

As a brief background, this court vacated Sarmiento's conviction of various offenses in the underlying case. On

---

[1] The Honorable Randal G.B. Valenciano presided.

remand, Plaintiff-Appellee State of Hawaiʻi moved to dismiss the case with prejudice, and the circuit court granted the motion.

Providing no statutory authority, Sarmiento then moved for the expungement of "all portions of this instant case from his record" and the return of any fines, fees, and restitution paid pursuant to the vacated judgment of conviction and sentence. The State opposed the request for expungement.

The circuit court denied without prejudice Sarmiento's request (1) "for expungement of his arrest record" explaining that the Attorney General was the proper entity from which to request expungement and (2) for reimbursement of fines, fees, and restitution where there was no evidence of the amounts paid:

> 1. Defendant Sarmiento's request for expungement of his arrest record is denied without prejudice. Pursuant to [Hawaiʻi Revised Statutes (**HRS**)] section 831-3.2, the proper entity to process an expungement of arrest record request is the State of Hawaiʻi Department of the Attorney General.
>
> 2. Defendant Sarmiento's request for reimbursement of fines, fees, and restitution paid in this case is denied without prejudice. There is no record of any amounts paid to the Fifth Circuit Court in this case; but there may be amounts paid by Defendant Sarmiento to the State of Hawaiʻi Department of Public Safety. Mr. Sarmiento may inquire with the Department of Public Safety as to amounts previously paid for this case.

(Emphases omitted.) Sarmiento timely appealed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

2

**(1)** Sarmiento first argues the circuit court "erred by refusing to order an expungement[.]" (Emphasis omitted.)

HRS § 831-3.2 (Supp. 2019) provides in pertinent part as follows:

> §831-3.2 **Expungement orders.** (a) The <u>attorney general</u>, or the attorney general's duly authorized representative within the department of the attorney general, upon written application from a person arrested for, or charged with but not convicted of a crime, or found eligible for redress under chapter 661B, shall issue an expungement order annulling, canceling, and rescinding the record of arrest[.]

(Emphasis added.) Statutory interpretation is reviewed de novo. <u>Barker v. Young</u>, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).

HRS § 831-3.2 confers the attorney general with the power to expunge arrest records. And nothing in HRS § 831-3.2 gives the circuit court the authority to expunge Sarmiento's arrest record. In sum, the circuit court did not err in denying Sarmiento's request to expunge his arrest record.

Sarmiento then argues the circuit court should have used its inherent powers pursuant to HRS § 603-21.9(6) (2016) to grant his request. Sarmiento asserts that "the issue involved expungement of [his] arrest record relating to charges against him which were dismissed" and the circuit court "could have therefore ordered this record expunged[.]"

HRS § 603-21.9(6) vests the circuit court with the power:

> To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps <u>as may be necessary</u> to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

(Emphasis added.)

Assuming, without deciding, the circuit court has the power to expunge Sarmiento's record, the circuit court did not abuse its discretion under the circumstances in this case, where Sarmiento did not follow the statutory process set forth in HRS § 831-3.2(a) and, thus, did not demonstrate that judicial action was "necessary" under HRS § 603-21.9(6). <u>See generally</u> <u>State v. Cooley</u>, 123 Hawaiʻi 293, 295, 233 P.3d 713, 715 (App. 2010) (noting the appellate courts "review a trial court's exercise of its inherent powers for abuse of discretion").

**(2)** Sarmiento also contends the circuit court erred in denying his request for reimbursement of fines, fees, and restitution paid.

The circuit court's order noted that there was no record of amounts paid to the circuit court. With no record of amounts paid to the circuit court, there was no amount for the circuit court to order as reimbursement. As to any amounts Sarmiento may have paid to the Department of Public Safety, the circuit court denied Sarmiento's request without prejudice to Sarmiento inquiring with the Department of Public Safety as to the amounts he paid.

4

Because there was no evidence that Sarmiento paid any fines, fees, or restitution, we cannot say that the circuit court abused its discretion in denying Sarmiento's request for an order of reimbursement without prejudice.

Based on the foregoing, we affirm the circuit court's August 23, 2021 Order Denying Fines and Expungement.

DATED:  Honolulu, Hawaiʻi, December 16, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge